

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. 0-5496
Re: Should a deputy of a county
official who is legally au-
thorized to take acknowledg-
ments when taking acknowledg-
ments sign his principal's
name, or sign the instrument
as deputy and omit the prin-
cipal's name?

Your letter of July 27, 1943, requesting the opin-
ion of this department on the above stated question, reads as
follows:

"Please advise me on the following question:
Where a Deputy working for the County in taking ac-
knowledgement of a party, is it proper for them to
sign the officers name that they are working for,
or merely sign the instrument as deputy and leav-
ing the official name off?"

For the purposes of this opinion we assume that you
have reference to deputies of county officials who are legally
authorized to take acknowledgments. The persons authorized
to take acknowledgments are enumerated in Article 6602, Ver-
non's Annotated Civil Statutes, as amended by House Bill No. 4,
Acts of the 48th Legislature, Regular Session, 1943. Articles
6603 and 6606, Vernon's Annotated Civil Statutes, provide:

"Art. 6603. The acknowledgment of an instru-
ment of writing for the purpose of being recorded
shall be by the grantor or person who executed the

same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office."

"Art. 6606. An officer taking the acknowledgment of a deed, or other instrument of writing, must place thereon his official certificate, signed by him and given under his seal of office, substantially in form as hereinafter prescribed."

Article 6602, as amended, supra, authorizes a clerk of the district court, a judge or clerk of the county court, and notaries public to take acknowledgments. Justices of the peace are ex officio notaries public, however, for the purposes of this opinion it is not necessary to consider a judge of the county court, notaries public, and justices of the peace who are ex officio notaries public. The only county officials who are legally authorized to take acknowledgments and whose deputies may legally take acknowledgments are clerks of the district court and clerks of the county court.

We quote from Texas Jurisprudence, Volume 1, page 433, as follows:

"Under former statutes the power to take acknowledgments was often expressly conferred upon the deputies of officers who were qualified. Thus such power has at various times been conferred upon deputy district clerks and deputy county clerks. But even in the absence of express statutory authorization it seems that if an officer has authority to take acknowledgments his regularly appointed deputies are invested with like power; also that an acknowledgment taken before a de facto deputy of an authorized officer is valid. Here we may call attention to the rule - noticed later - that when an acknowledgment is taken before a deputy it is proper for him to use his own name and official title, and that an acknowledgment is not vitiated by the fact that the officer taking it signed as a 'special' deputy."

We quote further from Texas Jurisprudence, Volume 1, page 482, as follows:

"The statute requires that the certificate be signed by the officer before whom the acknowledgment was taken, and compliance with this requirement is essential to the validity of the certificate. In conformity with the rule generally prevailing in other states, the Texas decisions hold that the insertion of the name of the officer in the body of the certificate -- in accordance with a common practice to prepare the certificate in advance so that the officer has only to sign his name --is not such a signature as will supply the omission to sign at the conclusion.

"When an acknowledgment is taken before a deputy of a duly qualified officer, the deputy may sign his own name alone without also inserting the name of his principal, and an acknowledgment that is in other respects regular is not vitiated by the fact that the officer signs as 'special' deputy, for the word 'special' may be rejected as surplusage."

It is stated in Texas Jurisprudence, Volume 9, page 245:

"A deputy county clerk has the power to take acknowledgements and register deeds. He acts by virtue of his own office under the law, and may take and certify proof or acknowledgment of a deed without naming his principal."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that deputy county clerks and deputy district clerks have the power and legal authority to take acknowledgments by virtue of their own offices under the law without naming their principals.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED AUG 11, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

AW:db

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN